UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------x

DAVE HANSON,

                        Plaintiff,

              v.

NASSAU COUNTY DEPARTMENT OF SOCIAL
SERVICES and BOB BOWEN,

                        Defendants.

NOT FOR PUBLICATION

**MEMORDANDUM & ORDER**
09-CV-0361 (MKB)

----------------------------------------------------------------x

MARGO K. BRODIE, United States District Judge:

      On January 13, 2009, Plaintiff filed the above-captioned action alleging discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 and New York State Human Rights Law. (Docket Entry No. 1.) In November 2012, the parties executed a Settlement Agreement. (Docket Entry No. 63.) To date, Defendants have not paid Plaintiff the agreed-upon settlement amount. On May 17, 2013, this Court ordered Nassau County to pay Plaintiff the settlement amount of $450,000 on or before June 30, 2013. (*See* May 17, 2013 Minute Entry.) The May 17, 2013 Order further provides that if Nassau County fails to pay the settlement amount by June 30, 2013, Plaintiff shall notify the Court in writing and the Court will direct the clerk of the court to enter judgment against Nassau County in the amount of $450,000. (*Id.*)

      Defendants timely moved for reconsideration of the Court's May 17, 2013 Order. (Docket Entry No. 68.) For the reasons set forth below, the Court declines to modify its prior ruling.

## I. Background

On October 15, 2012, the parties requested a settlement conference with Magistrate Judge Arlene R. Lindsay. (Docket Entry No. 60.) Judge Lindsay held a settlement conference on October 22, 2012, and "[t]he parties reached a settlement in principal, subject to approval by the Nassau County Legislature and NIFA [Nassau Interim Finance Authority]." (Docket Entry No. 62.) On November 21, 2012, Defendants wrote to the Court that the parties had "executed the Settlement Agreement and Release just a few days ago." (Docket Entry No. 63.) Defendants stated that the "next step is to have the settlement placed on the Nassau County Legislative calendar for consideration/approval," and "[a]fter Legislative approval is obtained, approval by the Nassau Interim Finance Authority ('NIFA') is required before payment can be made to Plaintiff." (*Id.*) By letter dated February 26, 2013, Defendants wrote to the Court that the settlement was approved by the Nassau County Legislature on February 25, 2013, and that approval by NIFA was "still required" before payment could be made to Plaintiff. (Docket Entry No. 65.)

On May 6, 2013, Plaintiff wrote to the Court seeking to enforce or to void the settlement between the parties because of Defendants' failure to timely perform the terms of the Settlement Agreement. (Docket Entry No. 66.) Plaintiff requested a conference with the Court to address Defendants' non-payment. (*Id.*) In their response to Plaintiff's request, Defendants confirmed that the executed Settlement Agreement was approved by the Legislature in February 2013. (Docket Entry No. 67.) Defendants informed the Court that "the County is in the middle of the process of securing NIFA approval" and a "bundle of settlements (including Hanson) [was] being put together," as "[t]his 'bundling' is a cost effective measure for the County but sometimes results in some delay." (*Id.*)

2

At a May 17, 2013 telephone conference, the parties represented to the Court that the terms of the Settlement Agreement were reached in October 2012 and were confidential. (*See* May 17, 2013 Minute Entry.) However, Defendants had yet to pay Plaintiff the agreed-upon settlement amount. (*Id.*) The Court ordered the parties to disclose the settlement amount, $450,000, and ordered Nassau County to pay Plaintiff the settlement amount of $450,000 on or before June 30, 2013. (*Id.*) The Court further ordered that if Nassau County failed to pay the settlement amount by that date, Plaintiff was to notify the Court in writing and the Court will direct the clerk of the court to enter judgment against Nassau County in the amount of $450,000. (*Id.*)

On May 31, 2013, Defendants timely moved for reconsideration of the Court's May 17, 2013 Order. (Docket Entry No. 68.) Defendants state in their moving papers that "[t]he settlement agreement that is the basis of the Order is expressly conditioned on approval of the settlement agreement by NIFA."[1] (*Id.*) Defendants attached the Settlement Agreement and argue that the Court "did not have the benefit of seeing" "the below settlement agreement language" at the May 17, 2013 status conference. (*Id.*)

Plaintiff timely opposed the motion for reconsideration, arguing that Defendants' motion must be denied as Defendants fail to meet the standard for a motion for reconsideration and justice militates that the Court's order not be disturbed.[2] (Docket Entry No. 69.) In their reply,

---

[1] Paragraph 8 of the Settlement Agreement provides that "This settlement/agreement/ stipulation shall not be binding on the County and shall not take effect until and unless all requisite approvals have been obtained, including, but not limited to: (a) . . . the County Legislature and (b) any approvals necessary to enable the County to issue debt to finance the payment of the amounts contemplated herein, including, but not limited to, those of . . . the County Legislature *and where required*, the Nassau County Interim Finance Authority ('NIFA')." (Docket Entry No. 68 (emphasis added).)

[2] Defendants also argue that Plaintiff's opposition was untimely. (Docket Entry No. 70.) The motion for reconsideration was filed on May 31, 2013. (Docket Entry No. 68.) Plaintiff's opposition was filed 14 days later on June 14, 2013. (Docket Entry No. 69.) Local Civil

Defendants argue that Plaintiff is incorrect that they have not met the standard for reconsideration as their motion is based on new facts:

> The Court had not seen the parties' Settlement Agreement and was therefore unaware at the time of the May 17 teleconference of the language of paragraph 8 and of the conditional nature of the Agreement. These facts are indeed "new" to the Court as it was not privy to the terms of the parties' Settlement Agreement.

(Docket Entry No. 70.)

## II. Discussion

### a. Standard of Review

The standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also* Local Civ. R. 6.3 (The moving party must "set[ ] forth concisely the matters or controlling decisions which counsel believes the Court has overlooked."). "Reconsideration of a court's previous order is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Hidalgo v. New York*, No. 11 Civ. 5074, 2012 WL 3598878, at *1 (E.D.N.Y. Aug. 20, 2012) (citation and internal quotation marks omitted). A motion for reconsideration "should not be used as a vehicle simply to voice disagreement with the Court's decision, . . . nor does it present 'an occasion for repeating old

---

Rule 6.3 provides that "[u]nless otherwise provided by the Court or by statute or rule (such as Fed. R. Civ. P. 50, 52, and 59), a notice of motion for reconsideration . . . of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion . . . . The time periods for the service of answering and reply memoranda, if any, shall be governed by Local Civil Rule 6.1(a) or (b), as in the case of the original motion." Local Civil Rule 6.1(a) applies to motions and applications under Fed. R. Civ. P. 26 through 37 and 45(c)(3), *i.e.*, motions regarding discovery and subpoenas. Pursuant to Local Civil Rule 6.1(b), all other motions must be responded to within 14 days, rendering Plaintiff's response timely.

arguments previously rejected or an opportunity for making new arguments that could have previously been made.'" *Premium Sports Inc. v. Connell*, No. 10 Civ. 3753, 2012 WL 2878085, at *1 (S.D.N.Y. July 11, 2012) (citations and alteration omitted). Moreover, "it is well-settled that a party may not, on a motion for reconsideration, raise an argument for the first time." *Image Processing Tech., LLC v. Canon Inc.*, No. 10 Civ. 3867, 2012 WL 253097, at *1 (E.D.N.Y. Jan. 26, 2012) (citation, alteration and internal quotation marks omitted) (collecting cases).

In order to prevail on a motion for reconsideration, "the moving party must demonstrate that the Court overlooked controlling decisions or factual matters *that were put before the Court on the underlying motion.*" *Lichtenberg v. Besicorp Grp. Inc.*, 28 F. App'x 73, 75 (2d Cir. 2002) (emphasis added) (citations and internal quotation marks omitted); *see also Henderson v. City of New York*, No. 05 Civ. 2588, 2011 WL 5513228, at *1 (E.D.N.Y. Nov. 10, 2011) ("In order to have been 'overlooked,' the decisions or data in question must have been put before [the court] on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court.") (citations and internal quotation marks omitted). When arguing for reconsideration based on the presentation of *new* evidence, not previously before the court, the evidence must be "truly newly discovered or could not have been found by due diligence." *Space Hunters, Inc. v. United States*, 500 F. App'x 76, 81 (2d Cir. 2012) (quoting *United States v. Potamkin Cadillac Corp.*, 697 F.2d 491, 493 (2d Cir. 1983)) (affirming district court's denial of motion for reconsideration where moving party failed to provide a convincing explanation as to why they could not have obtained the evidence earlier); *see also Briese Lichttechnik Vertriebs GmbH v. Langton*, No. 09 Civ. 9790, 2013 WL 498812, at *1 (S.D.N.Y. Feb. 11, 2013) ("When arguing for reconsideration based on new evidence, the moving party must demonstrate that the newly discovered evidence was neither in his possession nor available

5

upon the exercise of reasonable diligence at the time the interlocutory decision was rendered." (citation and internal quotation marks omitted).)

### b. Defendants' Motion for Reconsideration

Defendants ask this Court to reconsider its May 17, 2013 Order because the Court, "was not privy to the terms" of the Settlement Agreement that conditioned the Agreement upon the approval of NIFA, and this information is therefore a "new fact." (Docket Entry No. 70.) However, the law is clear that reconsideration based on new evidence will only be granted where the evidence is truly newly discovered or could not have been found by due diligence. *Space Hunters*, 500 F. App'x at 81. Defendants do not, and cannot, argue that the terms of the Settlement Agreement are "newly discovered." Nor do Defendants argue, nor can they, that these facts were not in the Settlement Agreement that they prepared and executed in November 2012, which Settlement Agreement has been in Defendants' possession and was in their possession on May 17, 2013 during the conference with the Court. (*See* Docket Entry No. 70.) The fact that Defendants did not present arguments to the Court based on particular provisions of the Settlement Agreement does not make any portion of the Settlement Agreement a "new fact" that this Court can consider on a motion for reconsideration. The law is clear that Defendants must show that the "new fact" was not in their possession or available to them. Defendants cannot "demonstrate that the newly discovered evidence was neither in [their] possession nor available upon the exercise of reasonable diligence." *See Briese Lichttechnik Vertriebs GmbH*, 2013 WL 498812, at *1.

### III. Conclusion

For the reasons set forth above, the Court declines to modify its May 17, 2013 Order.

SO ORDERED:

　/S MKB  
MARGO K. BRODIE  
United States District Judge

Dated: June 27, 2013  
　　　Brooklyn, New York